# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA | § | |
| (BOP Register No. 90804-083), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-215-L-BN |
| | § | |
| WARDEN M. UNDERWOOD, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Shapat Nabaya, also known as Norman Abbott, an inmate at a federal facility in this district, initially filed this *pro se* action against persons providing dental care to prisoners. *See, e.g.,* Dkt. Nos. 7 & 17. He has now filed, in the pending action, a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. Nos. 21-24.

But, before he took that step, his case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, while his civil claims – and thus this suit will remain pending – the Court should dismiss the Section 2241 petition for lack of jurisdiction. Further, because Nabaya elected to insert a habeas petition into a pending civil action, the Court should direct the Clerk of Court to open for statistical purposes a new Section 2241 case and to close the same on the basis of any order accepting or adopting these

findings, conclusions, and recommendation.

## Applicable Background

Nabaya

> is a serial filer with a history of bringing meritless cases ... against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v. Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009). In January 2015, based on Nabaya's "historically meritless" litigation against the IRS, a federal judge in the Eastern District of Virginia permanently enjoined him from filing tax lawsuits in any federal court without first seeking leave to do so. *See Nabaya*, 2015 WL 300499, at *1, *3.
>
> While there are, unfortunately, some people like Nabaya who abuse our country's legal system in this way, he has earned the unusual distinction of being convicted for it[, as ]Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal crusade" against an IRS Revenue Officer known as Wally Stark, in the course of which he filed multiple vexatious and harassing lawsuits against Stark in state and federal court.

*Nabaya v. Aber*, Civ. A. No. 17-440 (TJK), 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citation omitted)

He now stands "convicted following a jury trial of retaliating against a federal officer by false claim, 18 U.S.C. § 1521 (2012), and false statement in bankruptcy, 18 U.S.C. § 152(3) (2012)," for which "[t]he district court imposed an upward variance sentence of 71 months' imprisonment on the § 1521 offense and 60 months on the § 152 offense, to run concurrently." *United States v. Nabaya*, 765 F. App'x 895, 897 (4th Cir. 2019) (per curiam); *see also United States v. Nabaya*, No. 3:17-cr-003 (E.D. Va.). The United States Court of Appeals for the Fourth Circuit recently affirmed the judgments against him. *See Nabaya*, 765 F. App'x at 897.

Through the current Section 2241 petition, Nabaya brings habeas claims based on alleged Speedy Trial and Sixth Amendment violations and asserts that the sentencing court lacked subject matter jurisdiction. *See, e.g.,* Dkt. No. 21 at 5-6.

## Legal Standards and Analysis

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) – that statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted).

And, under the Rules Governing Section 2254 Cases in the United States District Courts – which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812

F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

But, because the Section 2241 petition "raises errors that occurred at or prior to sentencing," it "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78). And, under Section 2255's

> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

Because Nabaya's Section 2241 petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.

2003)).[1]

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 petition [Dkt. Nos. 21-24] for lack of jurisdiction and direct the Clerk of the Court to open for statistical purposes a new Section 2241 case (nature of suit 530 directly assigned, per Special Order 3-250, to Judge Lindsay and to the undersigned) and to close the same on the basis of any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

---

[1] *See also Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE